Right, We'll let everyone just get settled. Let's wait just a minute and let everyone get settled. Okay, Ms. Okoko. May it please the court, I am Izunil Okoko and with my co-counsel, Bryce Evans, I represent the petitioner, Mr. Victor Neto Gonzalez. Your Honors, this court should reverse the agency's decision denying relief in petitioner's case for two reasons. First, the agency committed legal error in adjudicating petitioner's statutory eligibility for cancellation of removal. And second, because petitioner established that his right to due process was violated in the proceedings below. Petitioner was represented by an attorney in his immigration proceedings. However, on the day of his merits hearing, his attorney's secretary informed him that his attorney was sick with the flu and could not attend the hearing. Petitioner informed the immigration judge, but the immigration judge refused to grant a continuance and proceeded with petitioner's merits hearing without his attorney. On the same day, the immigration judge found that petitioner was statutorily ineligible for cancellation of removal on the basis that he failed to establish that his qualifying relatives would suffer exceptional and extremely unusual hardship in the event of his removal. Don't you have to show that the presence of counsel would have changed the result here? Your Honor, this court says that we have to show that but for the violation or but for the defect, petitioner would have made a strong showing. That is the substantial prejudice here. And because petitioner did not have his counsel present, the immigration judge played the role of the counsel and notably, when the immigration judge finished questioning petitioner, the government had no questions to ask. And the immigration judge found that petitioner was ineligible. So Your Honors, on appeal, the board found that petitioner failed to demonstrate good cause for a continuance of his proceedings and the board also affirmed the immigration judge's erroneous hardship determination. This brings me to my first point. Petitioner submitted the agency committed legal error in affirming the immigration judge's erroneous hardship determination in this case after the agency failed to apply the proper legal standard to petitioner's hardship evidence. The statute provides a legal standard to demonstrate eligibility for cancellation of removal and the agency must apply this standard. For an applicant to be eligible, he needs to meet all requirements including the fourth one which is the hardship determination. In matter of Monreal, also called Monreal-Aguinaga, the board interpreted the term exceptional and extremely unusual hardship to mean hardship that is substantially beyond the ordinary hardship that is to be expected when a close relative leaves this country, although the hardship need not be so great as to be unconscionable. The board also instructed that all hardship factors be considered in the aggregate. Now as a preliminary matter, the Supreme Court stated in Guerrero-Las Perlas v. Barr that the due diligence requirement for equitable tolling is a legal standard such that agencies, federal courts actually, can review an agency's determination as to whether an established set of facts meets that legal standard. Likewise, in this case, the hardship determination in this issue is a legal standard such that this court can review the application of these settled facts to this legal standard, pursuant to section 1252A2D. In this case, petitioner's qualifying relative is his daughter, a 13-year-old U.S. citizen named Neva. Neva suffers from panic attacks. At petitioner's marriage hearing, he testified of two instances of her panic attacks, once at a cheerleading event and a second time when she changed to a new school. We have lots of cases that deal with, you have a child with a special need and we've had cases that hold that there is no hardship. So it doesn't, how is that, how is that an inappropriate decision to not find it in the very narrow spectrum of cases that would have an unusual hardship? And what, on the due process side of the house, what's, what evidence would have been presented that was not able to be presented in the format that the EIJ used and then the BEIA used? So I would start with the first question, which is the one about medical conditions of a qualifying relative. The first question you asked? Right. We have lots of those cases where it's denied very frequently. So the board's instruction, the board's own precedence says that the hardship evidence must be considered in the aggregate, not individually. I'll give a very lay, very funny explanation. It's like 10 gallons of water. A child can lift each one, but you put them together in a bucket, it's heavy. A child can't lift it. So cumulatively, that's how the hardship needs to be addressed. So it's not just the medical condition. In fact, the board in matter of restlessness says that although the hardship standard is high, is a high threshold, it's not so restrictive that only those with a sick qualifying relative would qualify. So one hardship factor is not the end of the determination. It's all the hardship factors in the aggregate. And to answer your second question about the due process, the due process violation, and what could have been presented. It's not clear to me that the first question has been answered, as to what are the hardship factors that are so unique in this case that mean that the decision was wrong? Of course. So Your Honor, first of all, the board in this decision specifically stated that petitioner's qualifying relative would suffer emotional and financial hardship. The board failed to consider this emotional and financial hardship in conjunction with the mental health condition the petitioner's daughter suffers. The board failed to consider these three factors in conjunction with the fact that because of how young she is, in the event of petitioner's removal, he has no alternative route to immigrate back to the United States for the foreseeable future until she turns at least 21. So these are factors that the board did not consider. The evidence, the record actually shows, or the record also shows, that petitioner is a non-custodial parent for this child, and that there is contention between him and the custodial parent. The board did not consider this factor. In fact, the immigration judge stated that when petitioner is removed to Mexico, he can speak to his child. The immigration judge did not ask him any question to be able to make that conclusion, Your Honor. These are factors that the agency did not consider in affirming the immigration judge's hardship determination. So clearly, the agency could not have considered the hardship evidence in the totality if the agency even failed to take cognizance of the presence of that evidence. May I proceed? Yes. Thank you. Was that your second answer? Well, the second answer, well, that kind of encompasses the second answer. Because the immigration judge, in conducting petitioner's direct examination, failed to ask specific questions, which an attorney, or his attorney, diligently representing him,  just how strong the hardship evidence in this case is. Such as what? What was not shown that would have been shown that would have made all the difference? Well, off the top of my head, Your Honor, I would say, for instance, the immigration judge failed to ask petitioner any questions about his earning capacity in Mexico. Petitioner does provide financial support to his daughter, but in the event of his removal, she would lose that financial support. The immigration judge failed to ask any questions to inquire as to how much that financial deprivation would be. That is one, Your Honor. Secondly, the immigration judge failed to pursue the line of questioning regarding petitioner's daughter's panic attacks and her health condition. The record shows that that condition is not diagnosed by a doctor, but the petitioner does testify that he was concerned about even sharing his possible removal with his child because of how it could affect her mental health. Because she wouldn't eat. And the immigration judge, or an attorney representing that client, would have asked, does she have a typical habit of starving herself when she is faced with a challenging situation? That goes to demonstrate just how much this removal would affect this child. Again, Your Honor, one hardship factor does not establish the hardship in this case, and we're not claiming that. We're saying that cumulatively, petitioner, with the presence of his attorney, would have made a strong showing in support of his application if he had his attorney present. Okay, Your Honor, so I already went through the board's errors and the factors that the board failed to consider, so I would go to petitioner's due process claim. Now, Your Honor, the petitioner requested a continuance in this case because his application is not like a form submitted with the USCIS for adjudication. Rather, this application for cancellation of removal requires a hearing where a petitioner, with the help of his counsel, would be asked questions to demonstrate his eligibility for this relief. The agency committed legal error in finding the petitioner did not establish good cause for a continuance. Petitioner's counsel was absent, true no fault of his own. He was sick with the flu, and that could not have been anticipated. This court in Massey v. Mukasey found that because that petitioner was statutorily eligible for cancellation, sorry, for adjustment of status, rather, the board or the agency erred in refusing to grant a continuance. That is the case here, Your Honor. Petitioner needed his attorney present to demonstrate his eligibility for this relief. Therefore, we submit that he established good cause for a continuance, and the agency abused discretion by declining to grant his request for a continuance. Your Honor, this court in- Can the agency say enough continuances were going forward when there had been seven prior continuances? Your Honor, some of the continuances in this case were not requested by petitioner, but they were for the court's own utility. There was one because he got released from detention. There was another one because he had a change of court. So it wasn't just him requesting all these continuances. In fact, at every hearing, something was done. At one of them, he requested a bond here, a bond reduction. He wasn't just requesting a continuance. The first time he requested a continuance to get an attorney, and he got an attorney, Your Honor. So in this case, it wasn't just him requesting all these continuances. In fact, in Alley v. Gonzalez, this court stated that the reason the immigration judge did not abuse discretion in refusing to grant an eighth continuance, an eighth, Your Honor, was because petitioner obviously was not eligible for the relief he sought in that case. That's not the case here. Petitioner needed his attorney. This was the merits hearing, and his attorney was sick with the flu, something that couldn't have been anticipated, Your Honor. If that had happened a year later, in 2020, the hearing definitely would have been continued. So why? Oh, there was COVID, Your Honor. There was COVID, and that was, I mean, when a person is sick with something like the flu, it's not anticipated. This attorney got sick on a Saturday, and the hearing was on a Tuesday, and the record doesn't show us how sick he was with the flu. So our position is that petitioner established good cause for a continuance of that merits hearing, Your Honor. Okay. Do you want to discuss the jurisdictional issue on the continuance? We had an argument about that earlier today. Do you want to discuss the jurisdictional issue regarding the continuance? I'm not aware of that. Whether we can reach that. Whether we have jurisdiction to consider that. Well, this court has considered that issue in several cases that we have. So I assume that this court does have jurisdiction to review the board's decision on whether or not to grant, or the agency's decision on whether or not to continue a case when there is good cause shown. And petitioner established good cause for a continuance in this case, Your Honor. Okay. That's not a discretionary determination that we shouldn't review. Well, Your Honor, I believe what is reviewable is whether good cause was shown. The ultimate decision to grant a continuance is, it lies in the sound discretion of an immigration judge. But the immigration judge should grant that continuance when good cause is shown. And that's our position here, Your Honor. So in Obemudia v. INS, this court held that the absence of an attorney may create a due process violation if the defect impinged upon the fundamental fairness of the hearing and there was substantial prejudice. If the immigration judge in this case had granted petitioner's request for a continuance in order for him to have his attorney present with him to demonstrate his eligibility for his relief, petitioner would have made a strong showing in support of his application. Petitioner submits that the agency's violation of his due process rights affected the outcome of his proceedings. And we request that this court reverse the agency's decision and remand this case to have his opportunity to present his case in a fair and meaningful manner with the help of his attorney. All right. Thank you, Ms. Okoko. And you reserve time for Mr. Evans to present a rebuttal. Thank you. All right. I will let you pronounce your name because I would flip a coin and probably get it wrong. May it please the Court. Jeffrey Leist, appearing on behalf of the Attorney General. Okay, Mr. Leist. The court lacks jurisdiction to review the agency's discretionary determination that an applicant for cancellation removal fails to demonstrate the requisite hardship. This court has already decided the issue of whether or not the harsh determination is a legal determination and has held no. That's Castillo-Gutierrez. It addressed Guerrero-Lasprilla, which considered the issue of, you know, whether or not the application of a legal standard to a set of facts is a mixed question of law and fact that's reviewable. In this court, Castillo-Gutierrez said no, this is a discretionary determination that is not reviewable. While this court has jurisdiction to review legal and constitutional claims relating to the denial of cancellation removal, those claims have to be colorable. You can't simply try to get to that discretionary determination by, you know, cloaking your argument in legal or constitutional language in order to invoke jurisdiction. You actually have to have a legitimate legal or constitutional claim. And the petitioner's arguments here are simply an attempt to get to that hardship determination. Allegations that the agency failed to consider all of the evidence or all of the hardship factors and didn't do so cumulatively are precisely those types of arguments that are just discretionary arguments that are cloaked in this legal or constitutional guard. This court's decision in Carrion held that the contention that the board did not properly consider all the relevant factors did not present a legal or constitutional claim. Do we even, is there a due process right to have a lawyer present? So even if you were to look at it as a matter of first principles, you know, I understand the jurisdictional argument, but assuming argument that there was jurisdiction, how can there be a due process challenge in that context? Well, the courts have held that there is no Sixth Circuit right to counsel, but there is under the Fifth Circuit that you have an opportunity to obtain counsel of your own volition. Right. But that right is not absolute. I mean, as you had mentioned, you know, there is a certain point where the immigration judge can move forward with the proceedings. There were seven continuances granted for both parties. It's not the court preventing the person's lawyer from being there. No. Something beyond the lawyer's control maybe. So if you were dealing with malpractice or something, you consider that. Right. But it's not on the court. Correct, Your Honor. The immigration judge also has an obligation to conduct the proceedings in a timely manner. But we don't even get into those quasi-constitutional issues because we don't have jurisdiction, is your point. Over the continuance issue? Yes. Or over... That's a closer issue, Your Honor. Or the hardship determination. The hardship determination itself is insulated from review, and the legal and constitutional claims relating directly to that are also insulated. Your colleague earlier said that we didn't have jurisdiction in the court. So this court's decision in Perez is pretty interesting on that point. So you had mentioned in the earlier oral argument about Ochoa and the Ninth Circuit. So Ochoa dealt directly with the issue of a continuance and found no jurisdiction. And in doing so, it relied on this court's decision in Perez, which dealt with a motion to remand. So the motion to remand is a little bit more traditional in the courts that have found no jurisdiction because it's equivalent to a motion to reopen. And so courts have said that if you don't have jurisdiction over the underlying relief for proceedings, you would then not have jurisdiction over a motion to reopen. So Ochoa is the only court I'm aware of that's actually directly dealt with the issue of a continuance. And so I think that to the extent that the petitioner here was seeking discretionary relief, that that would actually be applicable, that Perez could be applied in the context of a continuance just as it was in the context of a motion to remand. But even if the court were to find that it has jurisdiction, the petitioner has not shown a due process violation here. Again, this was the eighth continuance here. The immigration judge had been continuing proceedings for 12 years for a merits proceeding. There were two previous continuances granted because counsel was unable to attend for health reasons. So this was, again, like the seventh time this case had been continued. The petitioner shows up and just at that first point in time informs the court that this counsel was sick. The counsel had made no indication to that, did not tell the court about that. So the immigration judge decided to proceed with the hearing. And the petitioner has not shown that that was a prejudicial determination. In order to demonstrate the absence of counsel violates due process, you must show substantial prejudice. The petitioner has not done so. Both before the Board of Immigration Appeals and this court, the petitioner has just put forth kind of vague statements that, well, something could have been different, that additional testimony could have been presented, and that questions could have been objected to. But this hearing right now is the first time the petitioner has ever actually kind of said anything specific about that. And that simply is insufficient to demonstrate the requisite level of prejudice necessary to show a due process violation has occurred. If the court has any further questions. All right. Thank you. Thank you. Mr. Leist. Mr. Evans for Riveau. Okay. May it please the Court. Your Honors, the government's assertions fail for two reasons. First, the agency erred in applying petitioner's statutory eligibility for cancellation of removal. And second, the petitioner's rights to due process were violating in the proceedings below. 8 U.S.C. 1229 BB1 establishes the statutory framework and clear legal standard regarding whether a noncitizen should be granted cancellation of removal. Among those statutory standards, a noncitizen must prove that his removal will result in exceptional, extreme, and unusual hardship. The agency's decision in matter of Monroe clarifies that the legal standard to show hardship must be substantial beyond what is ordinarily expected when a close family member is removed from this country. Although the respondents claim that our petition for review is foreclosed by Castillo-Guillateros, the Supreme Court's decision in Guerrero-Lasprilla mandates that if we raise a question of law which includes a mixed question of law and fact, then this Court retains jurisdiction. And as such, because we are challenging the Board's claims or, sorry, because we are challenging the Board's application of a legal standard to the set of undisputed facts, our position is that this Court reserves jurisdiction to adhere to the petition for review at hand. How do you distinguish Perez v. Garland, which specifically says our circuit has understood Patel to categorically foreclose review of hardship determinations, categorically foreclose? Your Honors, it's distinguishable because in Castillo-Guillateros, they still outline the jurisdictional bar under 1252A2D, notwithstanding the jurisdictional bar in 1252A2B1. And as such, so long as we, so long as the petitioner raised a question or a mixed question of law and fact, this Court still retains jurisdiction to adhere the petition for review. So, we just ignore that case, or you think . . . No, Your Honors. We're not suggesting that you ignore the case. We just want to outline that. The Castillo-Guillateros also outlines the specific exception that we brought up in our case. Right, but Perez v. Garland says we categorically foreclose review of hardship challenges. That's one was in 22 and one was in 23. So, we're kind of, you know, shutting the door to the extent there was the door even slightly open. I understand your position, Your Honors. I mean, I don't know if that's my position. I'm just trying to say, does our case law hold that? Well, yes. The case law does hold that, but it also, in Castillo-Guillateros, outlined the exception of a colorable constitutional claim under 1252A2D, which is exactly what we rose in our petition for review, Your Honor. Which brings me to my next point, Your Honors. The absence of petitioner's attorney at his final merits hearing caused him substantial prejudice and he established a good cause for a further proceeding. This court in Ogbemuda v. INS found that the absence of an attorney may create a due process violation so long as there's a fundamental defect in the proceedings and he was subjected to substantial prejudice. In our case, Your Honors, the immigration judge, in conducting the line of direct—in conducting the direct examination questions, failed to outline specific factors and failed to delve upon specific points to establish whether or not his qualifying relative would be subject to extreme, exceptional, and unusual hardship. And additionally, this court in Ali v. Gonzalez found that there was not an abuse of discretion whenever he requested a seventh continuance. In our case, there weren't seven continuances. In fact, on the continuance for the—the continuance requested on the day of his merits hearing was solely because he found out the day of his hearing that his attorney would not be present with him at his final merits hearing. And in order to make a strong showing in support of his application for cancellation of removal, the petitioner needed his attorney present in order to elicit the relevant testimony and to ensure that he's able to present his case in a fair and reasonable manner. As such, Your Honors, we ask that you reverse the agency's decision and remand the proceedings below. Thank you, Mr. Watson. Your case and all of today's cases are under submission and the court is in recess.